# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:21-cr-736-9 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DORSHAUN TUCKER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is a *pro se* filing of defendant Dorshaun Tucker ("Tucker") styled, "Amended Judicial Notice Petition to Dismiss Judgment Petition for Surrender Extension of Charge Pursuant to Rule 60(c)(6) for Lack of Jurisdiction and to Strike the Record Disgorgement of Funds and Injunctive Relief . . . ." (Doc. No 450.) For the reasons stated below, the Court intends to construe Tucker's motion as one for relief from judgment under 28 U.S.C. § 2255.

## I. BACKGROUND

On July 1, 2024, Tucker, with the benefit of a plea agreement, entered a plea of guilty to conspiracy to possess with intent to distribute methamphetamine, fentanyl, valeryl fentanyl, and cocaine, in violation of 21 U.S.C. § 846; and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Minutes of Proceedings [non-document], 7/1/2024; Doc. No. 347 (Plea Agreement); *see also* Doc. No. 34 (Superseding Indictment).)

On November 6, 2024, the Court sentenced Tucker to a custody term of 37 months on each count, to be served concurrently, followed by 3 years of supervised release. (Doc. No. 415 (Judgment).) The Court permitted Tucker to self-report to her facility (*see* Minutes of Proceedings [non-document], 11/6/2024), and extended her report date twice at her request. (Order [non-document], 12/17/2024; Order [non-document], 1/22/2025; *see* Doc. Nos. 433, 441.) Tucker is currently serving her sentence at Alderson FPC.[1]

Tucker did not take a direct appeal. Instead, on March 18, 2025, Tucker filed the present "notice." The document is difficult to decipher and contains references to disgorgement of funds, injunctive relief, securities fraud, the Uniform Commercial Code, and trademark infringement. (*See generally* Doc. No. 450.) Nevertheless, the theme running through the filing is Tucker's belief that the Court lacked jurisdiction to issue its judgment against her. (*See id*.) Included in her "demands" are requests that the judgment "be vacated and stricken from the court record[,]" that the "alleged charge" against her be "discharged[,]" and that she be "adjudicate[ed and] dismissed with prejudice." (Doc. No. 550, at 8.)

II.     DISCUSSION

Under 28 U.S.C. § 2255, a prisoner in custody under sentence of a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To

---

[1] *See* https://www.bop.gov/inmateloc//, last visited 4/11/2025.

prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993))."Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)).

Although Tucker does not specifically refer to § 2255 in her motion, the relief requested is consistent with a motion to vacate sentence under § 2255. *See, e.g., In re Shelton*, 295 F.3d 620, 621 (6th Cir. 2002) (district court construed a post-conviction "motion to dismiss for lack of territorial jurisdiction" as a motion to vacate under § 2255); *see also United States v. Gastelum-Lara*, 478 F. App'x 303, 305 (6th Cir. 2012) (finding district court properly construed post-conviction motion to dismiss the indictment as defective as a successive § 2255 motion). Before re-characterizing a defendant's motion as a § 2255 motion, however, the defendant must be given the opportunity to withdraw the motion. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2022); *see also Castro v. United States*, 540 U.S. 375, 383, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003). The Sixth Circuit has held that such a measure is necessary because "[a]n unintended byproduct of [liberally construing pro se filings as § 2255 motions] . . . is that it may effectively deprive an uniformed pro se litigant of the future opportunity to file a motion to vacate [her] sentence under § 2255." *In re Shelton*, 295 F.3d at 621. After a defendant files one § 2255 motion, the Antiterrorism and Effective Death Penalty Act prevents her from filing a second or successive § 2255 motion unless the motion involves "newly discovered evidence" or "a new rule of

3

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Thus, a defendant must be made aware that the court's construction of her motion may limit her ability to pursue future avenues of collateral relief and must be given the opportunity to agree with the court's construction or withdraw the motion.

### III. CONCLUSION

Accordingly, Tucker is hereby PLACED ON NOTICE that the Court intends to construe her "Amended Judicial Petition to Dismiss Judgment" (Doc. No. 450) as a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. By May 16, 2025, Tucker may either withdraw the motion, file an amended motion under § 2255, or file a "Notice of Agreement" with the Court's characterization.

Further, the Court's previous order directing the government to file a response (*see* Order [non-document], 3/19/2025) by April 18, 2025, is hereby VACATED. Unless Tucker withdraws the amended motion, IT IS ORDERED that the government shall respond to the § 2255 motion or amended § 2255 motion by June 6, 2025. Any reply is due by June 27, 2025.

**IT IS SO ORDERED**.

Dated: April 14, 2025

HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT