# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:21-cr-736-9 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DORSHAUN TUCKER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is a *pro se* filing of defendant Dorshaun Tucker ("Tucker" or "defendant") that, upon notice to defendant, the Court construed as a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 450 (§ 2255 Motion); *see* Doc. No. 455 (Order).) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 456 (Response).) For the reasons set forth herein, the motion to vacate is denied.

**I.   BACKGROUND**

On February 2, 2022, Tucker was charged in federal court in a large-scale drug conspiracy involving more than thirteen other individuals. (*See* Doc. No. 34 (Superseding Indictment).) On July 1, 2024, with the benefit of a plea agreement, Tucker pleaded guilty to conspiracy to possess with intent to distribute fentanyl and valeryl fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846 and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Minutes of Proceedings [non-document], 7/1/2024; Doc. No. 347 (Plea Agreement).)

The plea agreement contained a broad waiver provision restricting Tucker's appellate rights including her right to take a direct appeal and a collateral attack of her sentence. With respect to the latter, the waiver provision generally precluded the filing of "a proceeding under 28 U.S.C. § 2255." (Doc. No. 347 ¶ 19.) Carved out of the waiver was the right to appeal the following: "(a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in [the] agreement, using the Criminal History Category found applicable by the Court." (*Id*.) The waiver further provided that "[n]othing in [the waiver] shall act as a bar to [Tucker] perfecting any legal remedies [she] may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct." (*Id*.)

On November 6, 2024, the Court sentenced Tucker to a custody term of 37 months. (Doc. No. 415 (Judgment), at 2; Minutes of Proceedings [non-document], 11/6/2024.) She is currently serving her sentence at Alderson FPC, and she has an anticipated release date of October 8, 2027. (https://www.bop.gov/inmateloc//, last visited July 8, 2025.)

On March 18, 2025, Tucker filed a document styled, "Amended Judicial Notice Petition to Dismiss Judgment Petition for Surrender Extentsion [sic] of Charge Pursuant to Rule 60(c)(6) for Lack of Jurisdiction and to Strike the Record Disgorgement of Funds and Injunctive Relief Rule 65(B) 15 U.S.C. §§ 1116 and 1121 Securities Fraud 18 U.S.C. 1348."[1] (Doc. No. 450, at 1

---

[1] On the same date (March 18, 2025), Tucker filed a document purporting to be the original motion to vacate. (*See* Doc. No. 449). The filing contained virtually identical arguments and claims, but lacked a proposed order that was appended to the amended motion. (*See* Doc. No. 450, at 12 (All page number references are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.).) Given that the Court will address the motion to vacate, as amended, the original filing is terminated as moot.

(capitalization omitted).) The filing requested that the Court's judgment "be vacated and stricken from the court record[,]" that the "alleged charge[s]" against her "be discharged[,]" and that she be "adjudicate[d and] dismissed with prejudice[.]" (*See id.* at 8.) Based on the nature of the relief sought, the Court provided notice to Tucker that it intended to construe her post-conviction filing as a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. (Doc. No. 455, at 4.) *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002) (setting forth the procedure for advising a prisoner that a motion will be construed as a motion to vacate under § 2255); *see also United States v. Gastelum-Lara*, 478 F. App'x 303, 305 (6th Cir. 2012) (post-conviction motion to dismiss properly construed as a motion to vacate). The Court afforded Tucker an opportunity to either "withdraw the motion, file an amended motion under § 2255, or file a 'Notice of Agreement' with the Court's characterization." (Doc. No. 455, at 4.) Tucker failed to respond to the Court's Order, and the time for doing so has passed.

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of her sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where she was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330

F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (2003)). A court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a defendant challenges the validity of a plea, the representations of the defendant, her lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id.* Indeed, "[b]ecause courts must be able to rely on a defendant's statements during a plea colloquy, 'allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Caruthers v. United States*, No. 3:07-cr-0635, 2008 WL 413631, at *5 (M.D. Tenn. Feb 12, 2008) (quoting *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005)). Therefore, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Posey v. United*

4

*States*, No. 3:20-cv-00121, 2020 WL 2129235, at *9 (M.D. Tenn. May 5, 2020) (quoting *Lemaster,* 403 F.3d at 221–22). That is because "[t]he plea colloquy process exists in part to prevent defendants from making such claims [of misrepresentation and a lack of understanding]." *Barnett v. United States,* No. 2:10-cr-116, 2017 WL 160896, at *4 (E.D. Tenn. Jan. 13, 2017) (citing *Ramos v. Rogers*, 170 F.3d 560, 560–66 (6th Cir. 1999)). "Otherwise, a defendant could plead guilty in the hope of obtaining favorable treatment during sentencing while reserving the right to raise all manner of constitutional claims if the result of the sentencing process was not as he had hoped." *Id.* at *7.

Accordingly, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255." (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962))); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where (as here) the judge considering the § 2255 motion also presided over the sentencing hearing, the judge may rely on his or her recollections of those proceedings. *See generally Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. The undisputed facts in the record demonstrate that Tucker waived her right to bring a collateral attack on her sentence. Additionally, the uncontradicted record demonstrates that Tucker's motion is otherwise entirely without merit.

### III. DISCUSSION

#### A. Tucker Waived the Right to Collaterally Attack Her Conviction and Sentence

Tucker's motion—along with its exhibits and supplement—is largely nonsensical and difficult to decipher. It contains random and disjointed references to disgorgement of funds, injunctive relief, securities fraud, the Uniform Commercial Code, and trademark infringement. (*See generally* Doc. No. 450; Doc. No. 451 (Supplement).) While the legal arguments are unclear, the theme running through these filings appears to be Tucker's belief that the Court lacked jurisdiction to issue its judgment against her. (*See, e.g.,* Doc. No. 450, at 8.)

The government argues that, "[w]hatever [Tucker's] arguments may be . . . , Tucker knowingly and voluntarily waived her right to collaterally attack her conviction or sentence pursuant to the plea agreement in this case." (Doc. No. 456, at 4 (citing Doc. No. 347, at 7).) The Court agrees. The Sixth Circuit has consistently held that plea agreement waivers of the right to appeal, including the right to bring motions under 28 U.S.C. § 2255, are generally enforceable. *See Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018); *Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017); *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017). As long as the appeal waiver agreement is made knowingly and voluntarily, courts will enforce the waiver. *See Morrison*, 852 F.3d at 490 (citations omitted); *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citation omitted).

Here, Tucker specifically waived her right to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. (Doc. No. 347 ¶ 19.) As is the Court's practice, the Court engaged Tucker in a Fed. R. Crim. P. 11 colloquy, wherein after placing Tucker under oath, the Court reviewed with her the plea agreement and the rights she was giving up by entering a guilty plea, including the rights she was giving up by means of the waiver provision, in order to insure that she understood those rights, intended to waive those rights, and further intended to change her plea to guilty. Tucker also stated that she was not threatened, coerced into pleading guilty, or made any promises in exchange for her guilty plea. Because Tucker tendered a knowing, intelligent, and voluntary guilty plea (and she does not suggest otherwise), the waiver provision in the plea agreement is enforceable and serves to bar the present collateral attack on her conviction and sentence. For this reason alone, her motion to vacate must be denied.

### B. Tucker's Jurisdictional Arguments Fail on the Merits

But even if the Court reached the merits of Tucker's motion, it would still fail. As noted, Tucker offers a jumble of incomprehensible arguments and untethered legal theories. For example, she argues that the government's attorneys are not legal debt collectors and, as a matter of law, cannot be licensed to practice law. (Doc. No. 450, at 3–4.) She also posits that the undersigned suffers from a conflict of interest because "the judge is paid by the government." (*Id*. at 5.) Additionally, she insists that she is only appearing before this Court "by special appearance with these words, without waiving any rights under [the Uniform Commercial Code . . . ]." (*Id*. at 1.) Her attack culminates in a jurisdictional argument, in which she maintains:

> What specie will you accept or lawfully require as payment to settle the debt associated with your Presentment? Please consider 18 USC § 8 and then 31 USC §

7

> 3124. It seems I might be forced to violate Public Policy if you demand federal reserve notes for me to make payment. If your claim is valid, I do not want to break the law in paying you.
>
> The fraud on the court robbed the court of jurisdiction. The prosecutor who represented the penal bond party did not have a license or rights to operate to be a debt collector, the attorneys did not have a license to practice law, and the fact the un-licensed attorneys filed a defective affidavit with no firsthand fact witness to deceive the court resulted in multiple inequities to everyone involved other than the perpetrators.

(*Id*. at 8 (bolding omitted).)

In short, Tucker endorses the type of "meritless rhetoric" often employed by sovereign citizens. *See United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases rejecting complaints based on claims of sovereign citizenship). As the Sixth Circuit has explained:

> The "sovereign citizen" movement is a highly disperse, antigovernment movement. . . . In general, sovereign citizens believe that the United States Government . . . is a fraud and that they, the sovereign citizens, retain an individual common law identity exempting them from the authority of those fraudulent government institutions.

*United States v. Gooch*, 595 F. App'x 524, 527 n.1 (6th Cir. 2014) (quotation marks and citation omitted). Courts routinely reject such frivolous arguments "without extended [discussion]." *Bey v. McCandless*, No. 1:22-cv-554, 2023 WL 2972947, at *2 (N.D. Ohio Feb. 28, 2023) (quotation marks and citation omitted (collecting cases)), *report and recommendation adopted in relevant part* by 2023 WL 2704143 (N.D. Ohio Mar. 30, 2023); *see Cook v. Kellogg Cmty. Credit Union,* No. 1:23-cv-843, 2024 WL 3607638, at *2 (W.D. Mich. June 26, 2024) (observing that "arguments based on sovereign citizen theories have been uniformly rejected by federal courts for decades and should be summarily dismissed as frivolous" (citation omitted)), *report and recommendation adopted by* 2024 WL 3594638 (W.D. Mich. July 31, 2024); *Davis v. McClain*, No. 2:19-cv-3466, 2019 WL 5853474, at *3 (S.D. Ohio Nov. 8, 2019) (collecting cases rejecting arguments by

8

prisoners that federal or state governments have no jurisdiction over them because they are "sovereign citizens").

Tucker offers no other challenge to the Court's jurisdiction. In the criminal context,"[s]ubject-matter jurisdiction is furnished by 18 U.S.C. § 3231, which covers all criminal prosecutions under the United States Code." *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005); *see United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (similar); *United States v. Titterington*, 374 F.3d 453, 458–59 (6th Cir. 2004) (similar). The fact that "Article III [of the United States Constitution] permits Congress to assign federal criminal prosecutions to federal courts" is "the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999). There is no basis for concluding, therefore, that the Court lacked jurisdiction to enter judgment against Tucker.[2]

## IV. CONCLUSION

For the foregoing reasons, Tucker's motion to vacate is denied. Further, for the same reasons, the Court finds that "reasonable jurists" would not debate the Court's denial of Tucker's motion to vacate as waived and/or entirely without merit. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Accordingly, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue

---

[2] Moreover, the Court properly exercised personal jurisdiction over Tucker. "Personal jurisdiction is supplied by the fact that [a defendant] is within the territory of the United States." *Burke*, 425 F.3d at 408; *see Marks*, 530 F.3d at 810 ("[T]he district court had personal jurisdiction over [the defendant] by virtue of [the defendant] having been brought before it on a federal indictment charging a violation of federal law." (citations omitted)); *United States v. Lussier*, 929 F.2d 25, 27 (1st Cir. 1991) ("It is well settled that a district court has *personal* jurisdiction over any party who appears before it, regardless of how his appearance was obtained." (emphasis in original) (citations omitted)). Having appeared before the Court on the federal indictment charging violations of federal law, this Court was entitled to exercise personal jurisdiction over Tucker.

a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: July 11, 2025

                                                **HONORABLE SARA LIOI**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**